NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH GAINES, | No. 20-15692 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00770-MMD-CLB |
| v. | |
| MARY HENRY, Culinary Manager at LCC; ADAMSON, Medical Doctor at LCC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE and BADE, Circuit Judges.

Nevada state prisoner Joseph Gaines appeals pro se from the district court's

judgment dismissing for failure to exhaust his administrative remedies his 42

U.S.C. § 1983 action alleging federal and state law violations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Gaines's action because it was clear from the face of Gaines's complaint that Gaines failed to exhaust available administrative remedies prior to filing suit. *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where a failure to exhaust is clear from the face of the complaint, a district court may dismiss for failure to state a claim).

Gaines's challenge to the denial of his motion for a temporary restraining order and preliminary injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1449-50 (9th Cir. 1992) (when underlying claims have been decided, reversal of denial of preliminary injunctive relief would have no practical consequences, and the issue is therefore moot).

The district court did not abuse its discretion in denying Gaines's post-judgment motion to alter or amend the judgment because Gaines failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances warranting reconsideration).

Gaines's request for publication, set forth in his opening brief, is denied.

**AFFIRMED.**